# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **HEBREW HOMES HEALTH NETWORK, INC.,** *et al.*, <br><br> Defendants. | Case No. 1:17-cv-01215 (TNM) |

## MEMORANDUM AND ORDER

More than a year after discovery closed—after full summary judgment briefing and a Report and Recommendation—Hebrew Homes Health Network, Inc., and its co-defendants (collectively, "Hebrew Homes"), have moved to supplement the record with letters they claim are relevant to their statute of limitations defense in this ERISA case. For the reasons below, Hebrew Homes' Motion to Supplement the Record is denied.

The applicable statute and the Federal Rules provide that a district court *may* receive more evidence when reviewing a magistrate judge's order. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But "[w]hile the court *may* receive further evidence, attempts to introduce new evidence after the magistrate judge has acted are disfavored." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (emphasis added). "In appropriate cases . . . the district court may exercise its discretion and accept further evidence when a party offers sufficient reasons for so doing." *Id.* But Hebrew Homes have not offered sufficient reasons for their eleventh-hour request to supplement the record.

Hebrew Homes had ample opportunity for discovery.  Service Employees International Union Nation Industry Pension Fund sued Hebrew Homes in June 2017, Compl., ECF No. 1, and the Court referred the matter to Magistrate Judge G. Michael Harvey for full case management.  In October 2017, Judge Harvey set a schedule allowing five months for discovery.  *See* Scheduling Order, ECF No. 15.  But he later granted Hebrew Homes' motion to extend discovery by three months, requiring discovery to close by June 2018.  *See* Order, ECF No. 18.  Then Hebrew Homes again moved to extend the discovery period, this time by eight days.  Mot. for Extension of Time, ECF No. 22.  Judge Harvey granted the further extension.  *See* Order, ECF No. 23.  After Judge Harvey held a post-discovery status conference, he allowed Hebrew Homes even more discovery.  *See* 6/25/18 Minute Order.  Finally, in July 2018, discovery closed.

After discovery closed, the parties engaged in summary judgment briefing that lasted until December 2018.  The parties' cross-motions for summary judgment were pending before Judge Harvey until July 2019.  But at no time between October 2017 and July 2019 did Hebrew Homes try to introduce the letters now attached to their Motion to Supplement the Record.  That is true, even though they apparently had the documents in their possession and the statute of limitations issue was central to their defense, *see, e.g.*, Defs.' Mem. in Supp. of Mot. for Summ. J. at 15–26, ECF No. 37-2.  Only after Judge Harvey issued his Report and Recommendation and the Court granted Hebrew Homes' request for an extension of time to file objections did they proposed to introduce this evidence.

Why the delay?  Hebrew Homes suggest only that they "discovered documents"—the letters—"which were not included by either party in their initial disclosures."  Mem. in Supp. of

Mot. to Supplement ¶ 1, ECF No. 53-1.  There is no explanation for why the documents were only discovered now or what efforts were made earlier that failed to produce them.

Even with the plaintiffs' consent, this is insufficient justification for undermining the efforts of the magistrate judge—who did not have the benefit of this evidence in crafting his recommendation on the parties' cross-motions for summary judgment—and delaying the administration of justice.  The referral process, especially in the summary judgment context, is inefficient and wasteful of judicial resources when the district court considers objections to the magistrate judge's recommendation that are based on facts the magistrate judge did not have the benefit of considering.  A party needs a better justification than "we forgot."  *See Heisler v. Nationwide Mutual Ins. Co.*, --- F.3d ---, 2019 WL 3417277, at *8 (8th Cir. July 30, 2019).

Hebrew Homes is simply "trying to add evidence [they] should have introduced [more than twelve] months earlier," and "[their] realization after reading the magistrate judge's recommendation that [they] had failed to introduce all of the evidence [they] needed to survive summary judgment is not a particularly persuasive ground for convincing a district court to accept new evidence."  *Id.*  "The district court [is] free to accept further evidence, but it [is] under no obligation to permit a party to fix its own errors in compiling the summary judgment record."  *Id.*

\* \* \*

Because the Court finds that Hebrew Homes had significant opportunity for discovery and has not adequately justified its failure to include the proposed new evidence prior to the Report and Recommendation, it is hereby

3

**ORDERED** that Hebrew Homes's Motion to Supplement the Record is **DENIED**.

Dated: August 19, 2019                                              TREVOR N. McFADDEN, U.S.D.J.